UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JAMES PAVELKA § | |
| § | |
| v. § | Case No. 6:22-cv-00824-ADA-JCM |
| § | |
| THE HARTFORD INSURANCE § | |
| COMPANY § | |

**PLAINTIFF'S FIRST AMENDED PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** James Pavelka, (hereinafter referred to as "Plaintiff"), complaining of Trumbull Insurance Company, incorrectly named as "the Hartford Insurance Company", (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiffs seek monetary relief over $250,000.00.

**PARTIES**

2. Plaintiff is an individual residing in McLennan County, Texas.

3. Trumbull Insurance Company is a foreign insurance agency engaging in the business in the State of Texas. Defendant may be served with process by serving its counsel of record, Laura J. Brabouski, located at Holden Litigation, Holden PC., 10000 N. Central Expwy, Suite 360, Dallas, Texas 75231.

4. To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE and Plaintiff hereby demands that upon answering this suit, that it answers in its correct legal name and assumed name.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6. The Court has jurisdiction over Defendant because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Defendant sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc*., 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

7. Venue is proper because the claims asserted against Defendant are civil actions over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Defendant is incorporated under the laws of Connecticut with its principal place of business in Connecticut and is, therefore, a citizen of the state of Connecticut for purposes of diversity. The amount in controversy exceeds $75,000.00.

## FACTS

8. Plaintiff purchased a policy from Defendant, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

9. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 1101 N. Old Robinson Rd, Robinson, Texas 76706.

10. Defendant and/or its agent sold the Policy insuring the Property to Plaintiff.

11. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

12. On or about February 19, 2021, Plaintiff experienced a severe storm-related event which caused substantial damage to the Property, surrounding homes and businesses in the area. The severe storm-event caused damage to the interior and exterior of Plaintiff's property. The Property's damage constitutes a covered loss under the Policy issued by Defendant. Plaintiff subsequently opened a claim and Defendant assigned an adjuster to the claim.

13. On or about March 9, 2021, Defendant sent adjusters to inspect Plaintiff's Property after timely notification of the claim. Defendant's adjusters conducted a substandard investigation and inspection of the Property, prepared a report that failed to include all damages that were observed during the inspection, and undervalued the damages that they did observe and document during the inspection.

14. Demand was sent by Plaintiff on March 17, 2022, for the full amount of Plaintiff's estimate, less deductible, interest and attorney's fees.

15. To date, Plaintiff has not received a response from Defendant regarding the demand.

16. Defendant's outcome-oriented investigation of Plaintiff's claim resulted in a biased, unfair and inequitable evaluation of his losses to the Property. Defendant's subsequent refusal to pay was based on its outcome-oriented investigation of Plaintiff's Property.

## CAUSES OF ACTION

17. Each of the foregoing paragraphs is incorporated by reference in the following:

**Breach of Contract**

18. Defendant had a contract of insurance with Plaintiff. Defendant breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**Prompt Payment of Claims Statute**

19. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq*. of the Texas Insurance Code.

20. Plaintiff, therefore, in addition to Plaintiff's claim for damages, in entitled to 18% interest and attorney's fees as set forth in Section 542.060 of the Texas Insurance Code.

**Bad Faith/Deceptive Trade Practices Act ("DTPA")**

21. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22. Defendant violated Section 541.051 of the Texas Insurance Code by:

   A. making statements misrepresenting the terms and/or benefits of the policy.

23. Defendant violated Section 541.060 by:

   A. misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   B. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    C. failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    D. failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    E. refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

24. Defendant violated Section 541.061 by:

    A. making an untrue statement of material fact;

    B. failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    C. making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    D. making a material misstatement of law; and

    E. failing to disclose a matter required by law to be disclosed.

25. At all material times hereto, Plaintiffs was a consumer who purchased insurance products and services from Defendant.

26. Defendant has violated the Texas DTPA in the following respects:

    A. Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

B. Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

C. Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

27. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**Attorney's Fees**

28. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

29. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because they are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

30. Plaintiff further pray that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## DAMAGES

31. Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $250,000.00 but less than $1,000,000.00.

## COMPEL MEDIATION

32. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## CONCLUSION

33. Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Defendant, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this

lawsuit, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled.

        Respectfully submitted,

        */s/ Brandon Schilter*
        **James M. McClenny**
        State Bar No. 24091857
        **J. Zachary Moseley**
        State Bar No. 24092863
        **G. Brandon Schilter**
        State Bar No. 24098388
        **McClenny, Moseley & Associates**
        1415 Louisiana St, Suite 2900
        Houston, Texas 77002
        (713) 334-6121
        (713) 322-5953 *facsimile*
        James@mma-pllc.com
        Zach@mma-pllc.com
        Brandon@mma-pllc.com

        **ATTORNEYS FOR PLAINTIFF**